UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SANDRA MCMANUS,

    Plaintiff,                      Case No.:

v.

GREYSTAR RS FL LLC,
a Foreign Limited Liability Company,
and GREYSTAR MANAGEMENT SERVICES, LP
Foreign Limited Partnership,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, SANDRA MCMANUS (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendants GREYSTAR RS FL LLC and GREYSTAR MANAGEMENT SERVICES, LP (hereinafter Defendants"), and in support of states as follows:

**NATURE OF CASE**

This is an action to remedy discrimination and retaliation based on disability pursuant to the provisions of the Americans with Disabilities Act, as amended, ("ADAAA"), 42 U.S.C. ch. 126 § 12101 et seq., Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), attorneys' fees and costs,

and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

2. The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

3. Additionally, the events giving rise to this action occurred within this District.

## PARTIES

4. Plaintiff was hired by Defendant on or about September 21, 2020, as a Sales Consultant.

5. Plaintiff was employed with Defendant in Winter Garden, Orange County, Florida.

6. Defendant GREYSTAR RS FL LLC, is a Foreign Limited Liability Company which operates a real estate business in the state of Florida, including the location where the Plaintiff worked.

7. Defendant GREYSTAR MANAGEMENT SERVICES, LP, is a Foreign Limited Liability Company which operates a real estate management business in the state of Florida, including the location where the Plaintiff worked.

8. Defendants jointly employed the Plaintiff.

9. Defendants each employ more than fifty (50) employees.

10. Defendants each employ more than fifty (50) employees within 75 miles of Orlando, Florida.

11. Plaintiff is an "employee" as defined by the ADAAA.

12. Defendant GREYSTAR RS FL LLC, is an "employer" as defined by the ADAAA.

13. Defendant GREYSTAR MANAGEMENT SERVICES, LP, is an "employer" as defined by the ADAAA.

## ADAAA STATUTORY PREREQUISITES

14. Plaintiff is an individual with a disabling medical condition who suffered discrimination based on her disability.

15. As such, Plaintiff is a member of a class of individuals protected by the ADAAA.

16. At all times material to the allegations herein, Plaintiff was qualified for her position of employment as a Sales Consultant.

17. The Defendants meet the statutory criteria for coverage as an "employer" under the ADAAA.

18. Plaintiff meets the statutory criteria for coverage as an "employee" under the ADAAA.

19. Plaintiff timely filed her Charge of Discrimination with the EEOC on or around March 29, 2021.

20. The EEOC issued a Dismissal and Notice of Rights on October 31, 2021.

21. Therefore, the initial Complaint in this action is being filed within 90 days of Plaintiff receiving his right-to-sue letter.

22. Accordingly, Plaintiff has complied with all other ADAAA requirements and all prerequisites prior to bringing this lawsuit.

## FACTS

23. Plaintiff was employed with Defendants from approximately September 21, 2020 through December 29, 2020 as a Sales Consultant.

24. At all times material, Plaintiff performed well while working for the Defendants.

25. At all times material, Plaintiff suffered from fibromyalgia which is disabling condition under the ADAAA.

26. Fibromyalgia is a condition which causes widespread musculoskeletal pain accompanied by fatigue, headaches, and cognitive and muscular impairment, amongst other symptoms.

27. Defendants were aware that Plaintiff suffered from a disabling medical condition under the ADAAA.

28. As it pertains to Plaintiff, one of the side effects from the medications which she has been prescribed for the treatment of her disability, is that her hands spasm and/or shake.

29. Plaintiff's manager, Melissa Spearman ("Spearman"), would target and mock Plaintiff on the basis of her disability.

30. Spearman would also allow Plaintiff's co-workers to target and mock Plaintiff on the basis of her disability.

31. In this regard, Spearman would laugh and make comments such as "you don't have to be afraid of me" referencing to Plaintiff's hand spasms/shaking.

32. As a result, on or about December 18, 2020, Plaintiff filed a formal complaint with Defendants against Spearman and a coworker based on the harassment and discrimination to which she was subjected due to her disability.

33. Pursuant to Defendants' policies and procedures, if an employee is sick and/or symptomatic as a result of an illness, they are allowed to work from home.

34. However, despite Plaintiff's requests, Spearman denied Plaintiff's requests to work from home.

35. Prior to filing her December 18, 2020 complaint, Plaintiff brought up her concerns regarding Spearman's behavior to her training manager;

however, Defendants' Regional Manager tried to convince Plaintiff not to file the formal complaint against Spearman.

36. Defendants, through management, were clearly aware of the discrimination to which Plaintiff was subjected and, not only failed to correct the unlawful conduct, but discouraged Plaintiff speaking out regarding said conduct.

37. Upon Plaintiff filing the December 18, 2020 complaint with Defendants, Spearman started retaliating against Plaintiff.

38. Within days of Plaintiff filing the December 18, 2020 with Defendants, she was given a final warning for "working after hours" and taking "sick days" and threatened termination.

39. Fearful of the ongoing discrimination and retaliation, Plaintiff had no choice but to resign from her employment with Defendants.

40. Similarly situated non-disabled employees were not targeted, mocked and disciplined in the same manner as Plaintiff.

41. Defendants denied Plaintiff the reasonable accommodation of working from home.

42. Prior to her complaints of discrimination Plaintiff had no performance related issues while working for the Defendants.

43. Defendants discriminated against Plaintiff on the basis of her disability or perceived disability.

44. Defendants retaliated against Plaintiff on the basis of her disability or perceived disability.

## COUNT I
## DISCRIMINATION UNDER THE ADAAA
## (As to Defendants GREYSTAR RS FL LLC. and
## GREYSTAR MANAGEMENT SERVICES, LP)

45. Plaintiff re-alleges and adopts the allegations of paragraphs 1-43 above as if fully set forth herein.

46. Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

47. Plaintiff was discriminated against by the Defendants due to her disability in violation of Federal law.

48. Defendants failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendants.

49. Defendants denied Plaintiff reasonable accommodation as required by Federal law.

50. Plaintiff is protected by the ADAAA:

a. Plaintiff was disabled or a "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendants; and

b. Plaintiff suffered an adverse employment action as a result of his

disability or "perceived disability."

51. Defendants were at all material times "employers" as envisioned and defined by the ADAAA.

52. Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

53. Defendants' actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

54. By reason of the foregoing, Defendants' actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

55. Alternatively, Defendants perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

56. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendants as if it did.

57. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendants' attitude toward the impairment.

58. Defendants do not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

59. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendants, during her employment. Therefore, she is members of protected classes as envisioned by the ADA.

60. Plaintiff suffered sufficiently severe and pervasive treatment because of her disability and/or "perceived disability," and request for accommodation regarding same.

61. The acts of Defendants, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

62. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

63. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

64. The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendants to deter it, and others, from such conduct in the future.

65. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

### COUNT II
### RETALIATION UNDER THE ADAAA
### (As to Defendants GREYSTAR RS FL LLC. and GREYSTAR MANAGEMENT SERVICES, LP)

66. Plaintiff re-alleges and adopts the allegations of paragraphs 1-44 above as if fully set forth herein.

67. Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

68. Plaintiff was retaliated against by the Defendants due to her disability in violation of Federal law.

69. Plaintiff was retaliated against by the Defendants for reporting unlawful discrimination based upon her disability in violation of Federal law.

70. Defendants failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

71. Defendants denied Plaintiff reasonable accommodation as required by Federal law.

72. Defendant retaliated against Plaintiff in violation of the ADAAA.

73. Plaintiff is protected by the ADAAA:

   a. Plaintiff was disabled or a "perceived as disabled" employee whosuffered discrimination because of her disability or "perceived disability" by Defendant; and

   b. Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

   c. Plaintiff suffered an adverse employment action as a result of her reporting discrimination based on her disability or "perceived disability."

74. Defendants were at all material times an "employer" as envisioned and defined by the ADAAA.

75. Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

76. Defendants' actions unquestionably constitute retaliation in violation of the ADAAA, as amended.

77. By reason of the foregoing, Defendants' actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

78. Alternatively, Defendants perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

79. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

80. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendants' attitude toward the impairment.

81. Defendants do not have a non-discriminatory rationale for terminating the Plaintiff.

82. Plaintiff was a disabled individual or otherwise perceived as disabled by Defendants, during her employment. Therefore, she is members of protected classes as envisioned by the ADA.

83. The acts of Defendants, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

84. The retaliation to which Plaintiff was subjected was based on her disability and/or "perceived disability."

85. The conduct of Defendants, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

86. The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendants to deter it, and others, from such conduct in the future.

87. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 14th day of January, 2022.

*/s/ Anthony J. Hall*
**ANTHONY J. HALL, ESQ.**
Fla. Bar No. 40924
**THE LEACH FIRM**
631 S. Orlando Ave., Ste. 300
Winter Park, FL 32789
Tel: 407-574-4999
Fax: 321-594-7316
Email: ahall@theleachfirm.com
Email: npacheco@theleachfirm.com

*Counsel for Plaintiff*